| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael R. Totaro 102229<br>Totaro & Shanahan<br>P.O. Box 789<br>Pacific Palisades, CA 90272<br>310 573 0276 (v) 310 496 1260 (f)<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Claudio Gerardo Cendejas<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-10247-WB<br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>(with supporting declarations)<br><br>DATE: 02/05/2015<br>TIME: 10:00 am<br>COURTROOM: 1375 |
|---|---|

**Movant:** Claudio Gerardo Cendejas

1. NOTICE IS HEREBY GIVEN to The United States Trustee and All Interested Parties
   (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367  ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

3. ☒ a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      Page 1                                **F 4001-1.IMPOSE.STAY.MOTION**

  attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

- [ ] b. This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: [ ] at the hearing [ ] at least _____ days before the hearing.

  (1) [ ] An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

  (2) [ ] An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

  (3) [ ] An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 01/08/2015

                Totaro & Shanahan
                Printed name of law firm (if applicable)

                Michael R. Totaro
                Printed name of individual Movant or attorney for Movant

                /s/ Michael R. Totaro
                Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　　Page 2　　　　　　　　　　　**F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** Claudio Gerardo Cendejas

1. **The Property or Debt at Issue:**
   a. ☐ Movant moves for an order imposing a stay with respect to the following property (Property):
      ☐ Vehicle (*describe year, manufacturer, type, and model*):
      Vehicle Identification Number:
      Location of vehicle (*if known*):

      ☐ Equipment (*describe manufacturer, type, and characteristics*):
      Serial number(s):

      Location (*if known*):

      ☐ Other Personal Property (*describe type, identifying information, and location*):

      ☒ Real Property
      Street Address: 220 N. Avenue 50
      Apt./Suite No.:
      City, State, Zip Code: Los Angeles, CA 90042
      Legal description or document recording number (include county of recording):
      APN: 5467-030-010  TRACT NO 4883 LOT 11  City and County of Los Angeles
      ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) Select Portfolio Servicing, P.O. Box 65250, Salt Lake City, UT 84165

   to secure the sum of approximately $ 507,329.33   now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☒ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** as to *all creditors*.

   d. ☒ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. ☐ Movant moves for an order continuing the **automatic stay** as to *all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed concerning the present case on (*specify date*): 01/08/2015

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 4001-1.IMPOSE.STAY.MOTION**

    d.  Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

        1.  Case name: In re Cendejas
           Case number: 2:14−bk−31303−NB        Chapter: 13
           Date filed: 11/13/2014                  Date dismissed: 12/23/2014
           Relief from stay re this Property        ☐ was    ☒ was not granted
           Reason for dismissal: Prior attorney submitted completely unreasonable schedules
           with incorrect information concerning rents, income, location. Errors were to the extent that
           it was better to dismiss and start over.

        2.  Case name:
           Case number:                                  Chapter:
           Date filed:                                      Date dismissed:
           Relief from stay re this Property       ☐ was    ☐ was not granted
           Reason for dismissal:

        ☐ See attached continuation page

    e.  ☒ As of the date of this motion the Debtor ☒ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

    f.  ☐ The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was __Not Set__ and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2). The extended date (*if applicable*) is __n/a__.

    g.  ☐ In a previous case(s), as of the date of dismissal there was:
           ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§ 362(d) still pending or
           ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3.  The equity in the property is calculated as follows:

    a)  1.  Property description/value: __Single Family Home__    $ 380,000.00
         2.  Creditor/Lien amount: __Select Portfolio__    $ 427,329.33
         3.  Creditor/Lien amount: __Select Portfolio__    $ 80,000.00
         4.  Creditor/Lien amount: _____    $
         5.  Creditor/Lien amount: _____    $
         6.  Total Liens    $ 507,329.33
         7.  Debtor's Homestead Exemption    $ 0.00
         8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $ 0.00

    b)  1.  Property description/value: _____    $
         2.  Creditor/Lien amount: _____    $
         3.  Creditor/Lien amount: _____    $
         4.  Creditor/Lien amount: _____    $
         5.  Creditor/Lien amount: _____    $
         6.  Total Liens    $
         7.  Debtor's Homestead Exemption    $
         8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $

        ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 4    **F 4001-1.IMPOSE.STAY.MOTION**

4. **Grounds for Continuing The Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

   1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A. ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

      B. ☒ Good faith is shown because
         The prior case should never have been filed as a Chapter 13. In addition, there were numerous errors in the petition, maybe caused by an emergency filing but still there was information given to prior counsel that was completely inaccurate when finalized in the petition

         ☒ See attached continuation page

   2. ☒ The Property is of consequential value or benefit to the estate because:

      A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

      B. ☒ The Property is necessary to a reorganization for the following reasons:
         This is a rental property that when crammed down to the market value will eventually produce additional income for the family. In addition, it will eventually increase in value thus providing for retirement income that is valuable to Debtor since he is self employed.

         ☒ See attached continuation page

      C. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):
         Debtor will immediately began making payments at 4.75% interest on the appraised value of the property. Therefore the payment being made will be more than mere interest only payments.

         ☒ See attached continuation page

   3. ☐ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because: n/a

      A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i);
      B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
      C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

         ☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 5    **F 4001-1.IMPOSE.STAY.MOTION**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

☐ See attached continuation page

4. ☒ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§ 362(c)(3)(C)(ii) is overcome in this case because
Prior counsel did not list the rents from the rental property and did not show that the property was capable of covering its own expenses. In addition, counsel included payments on the second mortgage which was entirely unsecured and upon which no payments were to be made.

☒ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                            Page 6                            **F 4001-1.IMPOSE.STAY.MOTION**

2. ☒ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:
This is a rental property that when crammed down to the market value will eventually produce additional income for the family. In addition, it will eventually increase in value thus providing for retirement income that is valuable to Debtor since he is self employed.

☒ See attached continuation page

3. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (*describe Movant's proposal for adequate protection*):
Debtor will immediately began making payments at 4.75% interest on the appraised value of the property. Therefore the payment being made will be more than mere interest only payments.

☒ See attached continuation page

b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

2. ☒ Good faith is shown because:
The prior case should never have been filed as a Chapter 13. In addition, there were numerous errors in the petition, maybe caused by an emergency filing but still there was information given to prior counsel that was completely inaccurate when finalized in the petition

☒ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§ 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:  n/a

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 7                    **F 4001-1.IMPOSE.STAY.MOTION**

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons:

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because

☐ See attached continuation page(s)

6. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
   b. ☒ Other Declaration(s) are also attached in support of this Motion.
   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____
   d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion**.

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (*specify forms of relief requested*):**

1. ☐ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 8                              **F 4001-1.IMPOSE.STAY.MOTION**

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court.

5. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☒ For adequate protection of the Secured Creditor/Lessor by (*specify proposed adequate protection*)
   Payment of $1982.26 based on a appraised value of $380,000 at 4.75% interest amortized over 30 years.

8. ☐ For other relief requested, see attached continuation page.

Date: 1/8/2015

Respectfully submitted,

Claudio Gerardo Cendejas
Movant name

Totaro & Shanahan
Firm name of attorney for Movant (if applicable)

/s/ Michael R. Totaro
Signature

Michael R. Totaro
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, Claudio Gerardo Cendejas, am the Debtor in Possession of Movant. I have read the foregoing motion consisting of 9 pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/8/2015 | Claudio Gerardo Cendejas | |
|---|---|---|
| Date | Printed name of declarant | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 9                       F 4001-1.IMPOSE.STAY.MOTION

## DECLARATION OFCLAUDIO GERARDO CENDEJAS
## IN SUPPORT OF MOTION TO EXTEND STAY

I, Claudio Gerardo Cendejas declare as follows:

1. I am the debtor in the within matter. I have personal knowledge of the following facts and if called to testify I could and would competently testify thereto.

2. On November 13, 2014 I caused an emergency Chapter 13 petition to be filed to stop a foreclosure of the property located at 220 N. Avenue 50, Los Angeles, Ca 90045. This property has tenants in it who have been living in the property all of 2014.

3. Because of the pending foreclosure, and my anxiety I apparently did not give my prior attorney proper information. The only documents that were filed were those necessary to stop the foreclosure and only later were the remaining schedules filled out and filed with the court.

4. Because of the pending foreclosure, and the fact that my wife and I are in the process of separating, I have been under severe stress and have not been paying as close attention to details as I should have. As a result it was not until after the plan was prepared that I realized the payment I was to make was impossible and that my rental income was not included in the plan along with a series of other mistakes.

5. I am not blaming these mistakes on my prior attorney but instead on a combination of my anxiety and a failure to communicate all that was going on at the time of the filing. However in reviewing the petition prior to the 341 hearing I noted a series of errors that I just did not see when the schedules were amended.

6. The errors that I observed were critical. First, my address was wrong. I do not live in the rented property. I live on Turquoise Street. Even though my wife and I are separated we still have to share a house at the moment for financial reasons. I also noted that the income from the rental property was not listed on the schedules. Further on the Statement of Financial Affairs I noticed that the income listed there was not mine, but instead the gross sales of my corporation. I distinctly remember telling my attorney that what he put there was incorrect but I did not know it was never changed. The same for the rental income. In addition, I also notice he had my income at over $11,000 a month which was almost double what my income actually is. I assume this was based on his using the gross sales of my business as my income.

7. Because of all the errors I did not feel that the case was recoverable. In addition when I consulted with another attorney it was determined that because of the rental property I

should not have filed a Chapter 13 to begin with since I could not afford to pay back all of the arrearages on the home which was substantially undervalue anyway.

8. On December 19, 2014 I appeared for the meeting of creditors in the above matter. I did not bring the payment with me because by that time. I realized that I could not afford the payment listed in the Chapter 13 plan and also realized the errors in the petition and plan. Because of this I determined that I would just let the trustee know that I wanted to allow the case to be dismissed.

9. I have been working with new counsel to fix all of the problems with the filing. I have reviewed my budget and feel that with the current budget and accurate information I can make the new plan that will be proposed in the Chapter 11 work.

10. Further, this property is important to my family. As a self-employed person I do not have the opportunity to save money. I have no retirement plan. The equity that will accumulate in this property will aid my family in the long run and will help generate additional income as rents increase and the property appreciates in value. While the return at the moment is slight, in the long run keeping the property will benefit my estate.

I declare under penalty of perjury that the foregoing is true and correct Executed on January 8, 2015 at Los Angeles, CA.

_____
Claudio Gerardo Cendejas

2

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael R Totaro     tsecfpacer@aol.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/08/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia Brand 255 E. Temple St. Los Angeles, Ca 90012
Claudio Gerardo Cendejas 4448 Turquoise St. Los Angeles, Ca 90032

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/08/2015 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 10     **F 4001-1.IMPOSE.STAY.MOTION**

Manuel Service List:

**American Express**
P.O. Box 981537
El Paso, TX 79998

**Ana Cendejas**
4448 Turquoise St.
Los Angeles, CA 90032

**Citibank.THD**
PO Box 790040
St. Louis, MO 63179

**Citibank.THD**
PO Box 790040
St Louis, MO 63179

**Claudio Gerardo Cendejas**
4448 Turquoise St.
Los Angeles, CA 90032

**Discover Financial Services, LLC**
P.O. Box 15316
Wilmington, DE 19850

**Diversified Portfolio**
PO Box 551268
Jacksonville, FL 32255

**Federico Mercado**
220 N. Ave. 50
Los Angeles, CA 90042

**Figueroa Developement Corp.**
c/o Kitty L. Lew, Agent
853 E. Valley Blvd., Ste 200
San Gabriel, CA 91776

**GMAC**
P.O. Box 380901
Bloomington, MN 55438

**J.P. Morgan Chase, NA**
P.O. Box 15298
Wilmington, DE 19850

**Macy's/DSNB**
P.O. Box 8053
Mason, OH 45040

**Midland Funding, LLC**
8875 Aero Dr. #200
San Diego, CA 92123

**Select Portfolio Servicing**
P.O. Box 65250
Salt Lake City, UT 84165

**Teresa Gonzalez**
220 N. Ave. 50
Los Angeles, CA 9042

**Totaro & Shanahan**
P.O. Box 789
Pacific Palisades, CA 90272

**Western Federal Credit Union**
P.O. Box 10018
Manhattan Beach, CA 90267